UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRADLEY S. GRAHAM,                Plaintiff, | ) ) ) | |
| vs. | ) ) | 1:11-cv-0523-TWP-TAB |
| AARON T. EDWARDS, *et. al.*,                Defendants. | ) ) ) | |

**ORDER ON PLAINTIFF'S MOTION TO AMEND COMPLAINT**

**I.      Introduction**

"Futility" and "bad faith" are not words to be casually bantered about when addressing motions seeking leave to amend a complaint.  However, for the reasons below, the only possible conclusion that can be drawn from the record before the Court is that these terms are readily applicable.  Accordingly, Plaintiff's motion to amend [Docket No. 25] is denied.

**II.     Background**

Plaintiff initiated this case on March 28, 2011, in Fayette County Circuit Court, alleging that he was wrongfully arrested, searched, incarcerated, intimidated, and coerced by police in violation of 42 U.S.C. § 1983 and § 1985.  [Docket No. 25-1.]  These acts allegedly occurred in 2008 and 2009 in connection with Plaintiff's OWI arrest and the criminal charges filed in *Indiana v. Bradley S. Graham*, No. 21D01-0811-CM803 (Fayette Cnty. Sup. Ct. Ind. 2008). [*See* Docket No. 1-2.]  Plaintiff's civil rights case was removed to this Court on April 19, 2011, based on federal question jurisdiction.  [Docket No. 1.]  On April 25, 2011, Defendants moved to dismiss this case on the grounds that Plaintiff's claims are barred by the applicable statute of

limitations.  [Docket Nos. 9, 10.]  Despite granting two of Plaintiff's motions for an extension of time [Docket Nos. 19, 22], Plaintiff failed to timely file his response by the revised August 1, 2011, deadline.[1]  Instead, on August 1, 2011, Plaintiff filed a motion seeking leave to amend the complaint.  [Docket No. 25.]

Plaintiff's motion does not make any arguments, but merely states that "Plaintiff's proposed first amended complaint addresses the issues raised in [the motions to dismiss] and makes appropriate amendments."  [Docket No. 25 at 2.]  Plaintiff did not even bother to set forth or identify the amendments made to the complaint.  Nonetheless, a review of Plaintiff's motion and proposed amended complaint reveals that Plaintiff attempts to address the statute of limitations challenge by way of two amendments: (1) by arguing that the complaint was actually filed on November 23, 2010, instead of March 25, 2011, and (2) by alleging that the events that gave rise to Plaintiff's 42 U.S.C. § 1983 and § 1985 claims occurred in 2010 instead of 2008 and 2009.

**III.   Discussion**

Federal Rule of Civil Procedure 15(a)(2) provides that when a party can no longer amend its complaint as a matter of course, it "may amend its pleading only with the opposing party's written consent or the court's leave."  This rule reflects a liberal attitude toward amendments, and a court should freely grant leave when justice requires.  *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008).  "Reasons for finding that leave should not be granted include 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of

---

[1] Defendants' motions to dismiss are still pending before the Court.  [*See* Docket No. 26.]

the amendment, [and] futility of the amendment.'" *Arlin-Golf, LLC v. Vill. of Arlington Heights*, 631 F.3d 818, 822 (7th Cir. 2011).

    *1.    Amendment one*

Plaintiff's first proposed amendment to the complaint, which is really an argument in response to Defendants' motions to dismiss, contends that the complaint was actually filed on November 23, 2010, and that Fayette County Circuit Court incorrectly stamped the complaint March 25, 2011. [Docket No. 25-1 at 2.] In Indiana, a file stamp, although not conclusive, is evidence of filing a document with a court. *Estate of Hann v. Hann*, 614 N.E.2d 973, 976 (Ind. Ct. App. 1993). In this case, the file stamp becomes conclusive when considered in conjunction with other evidence. Plaintiff's amended complaint alleges that the original complaint was filed on November 23, 2010, yet the amended complaint also alleges that Plaintiff was wrongfully charged with an OWI on November 25, 2010. [Docket No. 25-1 at 2, 5.] If these allegations are accepted as true, that means Plaintiff filed a complaint before he even knew that his rights allegedly were going to be violated. Such an allegation strains the imagination, and is simply not plausible. *See Heeb v. Bd. of Trustees of Floyd Mem'l Hosp. & Health Servs.*, No. 4:10-cv-0158-TWP-TAB, 2011 WL 3207051, at *1 (S.D. Ind. July 8, 2011) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."). Moreover, other dates listed in Plaintiff's proposed amended complaint also defy logic. For example, the amended dates state that a suppression hearing was held on January 22, 2010, and that the charges against Plaintiff were dismissed on January 26, 2010. [Docket No. 25-1 at 4–6.] But the amended complaint also alleges that Plaintiff was not charged until November 25, 2010. [*Id.*] These dates simply do not make sense.

*See Stanard v. Nygren*, No. 09-1487, 2011 WL 4346715, at *5 (7th Cir. Sept. 19, 2011) (explaining that it is within the district court's discretion to reject an unintelligable amendment).

Even if the alleged dates were plausible, additional evidence supports the accuracy of the stamped date on the complaint. First, the clerk stamped the complaint March 28, 2011, and then crossed out the 28 and wrote in 25 to reflect that the complaint was delivered 3 days earlier by Federal Express. [Docket No. 1-1 at 1; Docket No. 27 at 2 n.1.] The fact that the clerk crossed out a portion of the stamped date shows that she was aware of the March 25, 2011, date on the complaint, yet the clerk did not make any further changes. Second, Defendants' response brief asserts that the state court docket reflects that the complaint was filed on March 25, 2011, and Plaintiff has not filed a reply brief disputing Defendants' assertion. [Docket No. 27.] Accordingly, there is no basis to accept Plaintiff's argument.

    2.    *Amendment two*

Plaintiff's second proposed amendment alters the dates in which Plaintiff was allegedly arrested, searched, and incarcerated in violation of 42 U.S.C. § 1983 and § 1985. The original complaint alleges that the arrest, search, incarceration, suppression hearing, and dismissal of charges occurred in 2008 and 2009. [Docket No. 1-2.] However, once Plaintiff's claims were subjected to a statute of limitations challenge, Plaintiff sought leave to amend these dates to reflect that the events occurred in 2010. [Docket No. 25-1.] Plaintiff has provided no explanation for this change. [*See* Docket No. 25.] This is because the proposed amended dates are incorrect.

A review of the docket in *Indiana v. Bradley S. Graham*, No. 21D01-0811-CM803 (Fayette Cnty. Sup. Ct. Ind. 2008)[2] reveals that the arrest, suppression hearing, and dismissal of charges all occurred in 2008 and 2009.[3] Contrary to Plaintiff's assertions, nothing occurred in 2010. Plaintiff's counsel must have known that the alleged incidents did not occur in 2010 because Plaintiff originally alleged that the events occurred in 2008 and 2009, the state court docket confirms this, and Plaintiff's counsel admits that he has had at least 30 days to review and research this case. [Docket No. 25.] Such a false representation to the Court in response to a statute of limitations challenge compels the conclusion that Plaintiff's motion to amend is before the Court in bad faith. This provides sufficient grounds to deny Plaintiff's motion. *See Vitrano v. United States*, 643 F.3d 229, 234 (7th Cir. 2011) ("[I]f a motion doesn't pass the sniff test, i.e., reeks of bad faith or dilatory motive, the district court is permitted to deny it and hold the plaintiff to his original complaint."). Moreover, Plaintiff's proposed amendments would not withstand a motion to dismiss since the allegations are false. *Fischer v. Beazer Homes, Inc.*, No. 1:10-cv-1186-SEB-TAB, 2011 WL 3812699, at *1 (S.D. Ind. Aug. 26, 2011) ("An amendment is futile if it could not withstand a motion to dismiss."). Plaintiff's motion seeking leave to amend the complaint [Docket No. 25] is therefore denied.

Dated:    10/12/2011

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

---

[2] The case number submitted to this Court by Plaintiff [Docket No. 1-2, 25-1] is incorrect. The correct case number is 21D01-0811-CM803.

[3] A Court may take judicial notice of documents that are public record. *See First Place Bank v. Skyline Funding, Inc.*, No. 10-CV-2044, 2011 WL 3273071, at *3 (N.D. Ill. July 22, 2011).

Copies to:

Jon David Baker
BAKER AND BODWELL PC
smchenry@cinergymetro.net

Kirk A. Horn
MANDEL HORN MCGRATH & REYNOLDS, P.C.
khorn@mhmrlaw.com

Wade J. Hornbacher
INDIANA ATTORNEY GENERAL
wade.hornbacher@atg.in.gov

Kyle A. Jones
NORRIS CHOPLIN & SCHROEDER LLP
kjones@ncs-law.com

Michael C. Kendall
KENDALL LAW OFFICE
mckatlaw@aol.com

Cory Christian Voight
INDIANA OFFICE OF THE ATTORNEY GENERAL
cory.voight@atg.in.gov