UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRADLEY S. GRAHAM, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:11-cv-523-TWP-TAB |
| | ) | |
| AARON T. EDWARDS, et al., | ) | |
|     Defendants. | ) | |

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTIONS TO DISMISS**

**I.      Introduction**

Riddled with numerous examples of where Plaintiff has dropped the ball, the procedural history in this case is indicative of why this case should be dismissed. At the forefront of this litigation is whether Plaintiff filed his 42 U.S.C. § 1983 and § 1985 claims outside the applicable statute of limitations period and also whether Plaintiff sued the wrong parties. Additionally, six months after Defendants' first motion to dismiss and three extensions of time later, Plaintiff failed to respond to either of Defendants' motions to dismiss. Instead, Plaintiff's apparent solution to Defendants' statute of limitations challenge came only in the form of a flawed attempt to amend the complaint to improperly alter dates, which the Court denied. [*See* Docket No. 34.] For these reasons, the Magistrate Judge finds that Defendants' motions to dismiss [Docket Nos. 9, 14] are well taken and recommends that the case be dismissed against Defendants Aaron Edwards, Paul Whitesell, Franklin Jackson, David Counceller, the Indiana

1

State Police, and Connersville Police Department.[1]

## II.  Background

Plaintiff filed this case on March 25, 2011, in Fayette Circuit Court, alleging he was wrongfully arrested, searched, incarcerated, intimidated, and coerced by police in violation of 42 U.S.C. § 1983 and § 1985.  [Docket No. 25-1.]  These acts allegedly occurred in 2008 and 2009 in connection with Plaintiff's OWI arrest and the criminal charges filed in *Indiana v. Graham*, No. 21D01-0811-CM803 (Fayette Cnty. Sup. Ct. Ind. 2008). [*See* Docket No. 1-2.]

On April 19, 2011, Defendants removed this case here based on federal question jurisdiction.  [Docket No. 1.]  On April 25, 2011, Defendants Edwards, Whitesell, and the Indiana State Police moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  Specifically, these Defendants argue that (1) Plaintiff's 42 U.S.C. § 1983 and § 1985 claims are barred by the statute of limitations, (2) Edwards, Whitesell, and the Indiana State Police may not be sued in their official capacities because they are not persons under § 1983, (3) Whitesell may not be sued individually because Plaintiff has not alleged that Whitesell personally or by his policies detained, searched or arrested Plaintiff, and (4) Plaintiff has not supported his § 1985 claim with any factual allegations.  [Docket No. 10.]

On May 31, 2011, Defendants Counceller, Jackson, and Connersville Police Department also moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), raising roughly the same arguments as the April 25, 2011, motion to dismiss.  [Docket No. 15.]  Plaintiff moved

---

[1] Apparently, Frank Thompson is actually Franklin Jackson.  [*See* Docket No. 14 at 1.] Also, the remaining Defendants, the Sheriff's Department of Fayette County and Sheriff Billy Wayson, have not moved for dismissal and have only filed an answer.  [*See* Docket No. 13.]

for an extension of time to file a response on June 16, 2011, and for a second extension on July 20, 2011. [Docket Nos. 17, 21.] The Court granted both motions and the deadline for filing a response became August 1, 2011. [Docket No. 22.] Rather than responding to either motion to dismiss, Plaintiff instead sought leave to amend the complaint. [Docket Nos. 24, 25.] Plaintiff argued that the state court incorrectly stamped the complaint with the wrong date and also sought to amend the dates in the complaint so that all of the alleged events were moved forward by one year. [Docket No. 34.] The Court found that Plaintiff's motion was brought in bad faith and denied the motion. [*Id.*] On November 14, 2011, the Court held a telephonic status conference to discuss the pending motions to dismiss. [Docket No. 38.] The Court concluded the conference by enlarging Plaintiff's deadline to respond to the motions to November 30, 2011, based in part on Plaintiff's counsel's representations that his response would show he had not acted in bad faith and would demonstrate that Plaintiff's claims were timely. [*Id.*] Despite the third enlargement of time, Plaintiff did not respond to either motion to dismiss.

**III. Discussion**

  *A. Failing to respond*

The Court extended the deadline for responding to Defendants' motions to dismiss three times, yet Plaintiff still failed to respond. "[T]he Seventh Circuit adheres to the longstanding rule that a litigant waives an argument by failing to make it." *Burton v. City of Franklin*, No. 1:11-cv-00267-JMS-TAB, 2011 WL 2938029, at *2 (S.D. Ind. July 18, 2011) (citing *Everroad v. Scott Truck Sys., Inc.*, 604 F.3d 471, 480 (7th Cir. 2010). "Courts apply that rule where a party fails to develop arguments related to a discrete issue, as well as 'where a litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss.'"

3

*Burton*, 2011 WL 2938029, at *2. Thus, by failing to respond, Plaintiff essentially defaulted. *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999) ("An unresponsive response is no response. In effect the plaintiff was defaulted for refusing to respond to the motion to dismiss."). Accordingly, the Magistrate Judge recommends that Defendants' motions to dismiss [Docket Nos. 9, 14] be granted.

      B.    *Statute of limitations*

Notwithstanding Plaintiff's failure to respond, Plaintiff's claims should also be dismissed since they are barred by the applicable statute of limitations. "While a statute of limitations defense is not normally part of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), when the allegations of the complaint reveal that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011). Courts look to state law when determining a statute of limitations period. *Wallace v. Kato*, 549 U.S. 384, 387–88 (2007). For 42 U.S.C. §1983 and §1985, courts look to the limitations period for personal injury actions. *Wallace*, 549 U.S. at 387–88; *Hoagland v. Town of Clear Lake, Ind.*, 415 F.3d 693, 699–700 (7th Cir. 2005). In Indiana, a personal injury action must be filed within two years from the date of the alleged injury. Ind. Code § 34-11-2-4; *Williams v. Gene B. Glick Co., Inc.*, No. 1:09-cv-1113-TWP-DML, 2011 WL 3951519, at *2 (S.D. Ind. Sept. 7, 2011).

The complaint alleges that Plaintiff's rights were violated "[o]n or about 23 November 2008" and the violation continued until about 1 p.m. on November 24, 2008. [Docket No. 1, Ex.

2 at 4–5.] Plaintiff filed this action in state court on March 25, 2011.[2] [*Id.* at 1.] Plaintiff's claims are therefore outside the limitations period since it was filed two years after November 24, 2008. Even if Plaintiff had argued that his alleged injury continued until the dismissal of charges on January 29, 2009, Plaintiff's complaint still falls outside the two year period. [*See* Docket No. 15 at 5.] The Magistrate Judge therefore finds that Defendants' statute of limitations challenge also serves as a basis for dismissal.

      C.      *Official-capacity suits*

Defendants Edwards, Whitesell, Jackson, Counceller, Connersville Police Department, and the Indiana State Police also argue that dismissal is proper because they have been sued in their official capacities. [Docket No. 10 at 4; Docket No. 15 at 5.] Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). However, "[t]here is no longer a need to bring official-capacity actions against local government officials . . . [because] local government units can be sued directly for damages and injunctive or declaratory relief." *Graham*, 473 U.S. at 167 n.14. Since Defendants Jackson and Counceller are officials for the City of Connersville, a municipality, the Magistrate Judge finds that these Defendants should not have been sued for an alleged § 1983 violation. Additionally, under Indiana Law, municipal police departments do not have the capacity to sue or be sued under § 1983, and therefore the Magistrate Judge also finds that Connersville Police Department is an improper party for a § 1983 action. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) ("Thus, the

---

[2]Giving Plaintiff the benefit of the doubt, the Magistrate Judge uses March 25, 2011, as the date that the complaint was filed. [*See* Docket No. 34 at 4 (discussing the date stamp on the complaint and when the case was filed).]

Indiana statutory scheme does not grant municipal police departments the capacity to sue or be sued.").

With respect to state officials, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't State Police*, 491 U.S. 58, 71 (1989). Hence, the Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Id.* In any event, the Eleventh Amendment bars suits against nonconsenting states and their agencies in federal court. *Maxie v. Miller*, No. 1:10-cv-1286-SEB-DML, 2010 WL 5313545, at *1 (S.D. Ind. Dec. 17, 2010) (citing *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 58 (1996)). Because Defendants Edwards and Whitesell are state officials and the Indiana State Police is a state agency, the Magistrate Judge finds these Defendants to be improper parties under a § 1983 official-capacity suit.

### D. *Personal-capacity suits*

Defendants also argue that Counceller and Whitesell should be dismissed because the complaint does not allege that they personally took any actions. [Docket No. 10 at 5; Docket No. 15 at 6.] "Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law." *Graham*, 473 U.S. at 165. The complaint does not assert that Counceller or Whitesell personally participated in any event that deprived Plaintiff of a constitutional right, and "an *individual* cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation." *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986). Accordingly, the Magistrate Judge also finds that these Defendants in their personal capacities are improper parties under § 1983.

6

### E. Conspiracy claim

Defendants further argue that Plaintiff's § 1985 conspiracy claim should be dismissed because the complaint "asserts no facts supporting such a claim, but merely alleges in conclusory fashion that the parties conspired." [Docket No. 15 at 7.] Defendants' argument is well taken because Plaintiff has not alleged any facts indicating that "defendants intentionally conspired to deprive him of equal protection of the laws." *Wilson v. Price*, 624 F.3d 389, 395 n.2 (7th Cir. 2010); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation."). The Magistrate Judge therefore finds that this deficiency serves as another basis for dismissing Plaintiff's § 1985 claim.

## IV. Conclusion

For the reasons above, the Magistrate Judge recommends that Defendants' motions to dismiss [Docket Nos. 9, 14] be granted and Plaintiff's 42 U.S.C. § 1983 and § 1985 claims be dismissed against Defendants Edwards, Whitesell, Jackson, Counceller, Connersville Police Department, and the Indiana State Police. Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

Dated: 12/14/2011

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Jon David Baker
BAKER AND BODWELL PC
smchenry@cinergymetro.net

Kirk A. Horn
MANDEL HORN MCGRATH & REYNOLDS, P.C.
khorn@mhmrlaw.com

Wade J. Hornbacher
INDIANA ATTORNEY GENERAL
wade.hornbacher@atg.in.gov

Kyle A. Jones
NORRIS CHOPLIN & SCHROEDER LLP
kjones@ncs-law.com

Michael C. Kendall
KENDALL LAW OFFICE
mckatlaw@aol.com

Cory Christian Voight
INDIANA OFFICE OF THE ATTORNEY GENERAL
cory.voight@atg.in.gov