# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| BRADLEY S. GRAHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:11-cv-0523-TWP-TAB |
| | ) |
| SHERIFF BILLY WAYSON, individually and in his representative capacity; and SHERIFF DEPARTMENT OF FAYETTE COUNTY, | ) ) ) ) |
| | ) |
| Defendants. | ) |

## ENTRY DISCUSSING MOTION FOR JUDGMENT ON THE PLEADINGS AND DIRECTING ENTRY OF FINAL JUDGMENT

As used in this Entry, "Graham" refers to the plaintiff, Bradley S Graham, and "the Fayette County defendants" refers to defendants Sheriff Billy Wayson, individually and as Sheriff of Fayette County, and the Sheriff's Department of Fayette County, Indiana.

For the reasons explained in this entry, the Fayette County defendants' motion for judgment on the pleadings will be granted and final judgment will be entered.[1]

### Background

The matter is presently before the court on the motion for judgment on the pleadings filed by the Fayette County defendants. The court has recently dismissed claims against other defendants (Aaron Edwards, Paul Whitesell, Franklin Jackson, David Counceller, the Indiana State Police, and Connersville Police Department) in

---

[1] Graham's bankruptcy proceeding in Case No. 09-15363-BHL-7 has been closed and his claim in this case was abandoned as a potential asset of the Estate. Accordingly, this court will proceed to rule on the pending motion and enter final judgment.

its Entry of January 4, 2012. That dismissal was based on Magistrate Judge Baker's *Report and Recommendation* found at *Graham v. Edwards,* 2011 WL 6943096 (S.D.Ind. December 14, 2011). Previously, the court denied Graham's motion for leave to file an amended complaint on October 12, 2011.

The nature and basis of Graham's claims are noted in Magistrate Judge Baker's Report and Recommendation:

> Plaintiff filed this case on March 25, 2011, in Fayette Circuit Court, alleging he was wrongfully arrested, searched, incarcerated, intimidated, and coerced by police in violation of 42 U.S.C. § 1983 and § 1985. [Docket No. 25–1.] These acts allegedly occurred in 2008 and 2009 in connection with Plaintiff's OWI arrest and the criminal charges filed in *Indiana v. Graham,* No. 21D01–0811–CM803 (Fayette Cnty. Sup. Ct. Ind. 2008). [*See* Docket No. 1–2.]

*Id.* As noted, the Fayette County defendants seek resolution of the claims against them through the entry of judgment on the pleadings. Graham has not filed a response to such motion, and the time within which he was permitted to do so has expired.

## Standard of Review

Rule 12(c) permits a party to move for judgment after the complaint and answer have been filed by the parties. *See* Fed.R.Civ.P. 12(c). The court reviews Rule 12(c) motions by employing the same standard that applies when reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Pisciotta v. Old Nat. Bancorp,* 499 F.3d 629, 633 (7th Cir. 2007).

"[A] complaint must always . . . allege 'enough facts to state a claim to relief that is plausible on its face.'" *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009). Plausibility is defeated, however, if a plaintiff "pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo v. Blagojevich,* 526 F.3d 1074, 1086 (7th Cir. 2008).

## Discussion

Graham's claims are asserted pursuant to 42 U.S.C. § 1983 and § 1985. His claims arise from his alleged false arrest. The Entry of January 4, 2012, explains why these claims were not timely filed as to other defendants. The same is true as

to the Fayette County defendants. Dismissal on statute of limitations grounds should only be granted where the Aplaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness.@ *Cancer Foundation, Inc. v. Cerberus Capital Management, LP*, 559 F.3d 671, 674-75 (7th Cir. 2009) (citing *Hollander v. Brown,* 457 F.3d 688, 691 n.1 (7th Cir. 2006)). Because that is the case with respect to the Fayette County defendants, the motion for judgment on the pleadings will be granted as to this argument.

There is more. The claim against Sheriff Wayson in his individual capacity is deficient because the complaint does not plausibly allege this defendant's personal responsibility in arresting Graham or causing his arrest. *See Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1948 (2009)("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Additionally, any claim against Sheriff Wayson in his official capacity or the Fayette County Sheriff's Department is deficient because there is no allegation of a municipal policy or custom to violate federally secured rights in the manner Graham alleges. *See Monell v. Dep't of Soc. Servs. of the City of New York,* 436 U.S. 658, 690-91 (1978)(although a municipality is a "person" subject to suit under § 1983, a municipality can be found liable under § 1983 only if action pursuant to an official policy or custom of the municipality causes a constitutional tort).

## Conclusion

Based on the foregoing, therefore, the Fayette County's motion for judgment on the pleadings [Dkt. 41] is **granted**. This ruling concludes all claims against all parties. Final judgment consistent with the Entry of January 4, 2012, and with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 07/06/2012

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Bradley S. Graham
2607 South State Road One
Connersville, IN 57331

All electronically registered counsel